■ In the Matter of MHC AIRPORT INN, INC., Doing Business as ROCHESTER AIRPORT HOLIDAY INN, Respondent-Appellant, v STATE LIQUOR AUTHORITY, Appellant-Respondent.—Judgment unanimously modified, without costs, in accordance with memorandum; petition dismissed and determination confirmed. Memorandum: Petitioner entered a no contest plea to charges that on February 6, 1978, it permitted lewd or indecent conduct on the licensed premises in that a female patron exposed her private parts while dancing; and it permitted the premises to become disorderly in that the same female patron was involved in an altercation with another patron. The penalty imposed by respondent consisted of a 10-day immediate suspension of petitioner's license; a 12-day deferred suspension; and a bond claim in the sum of $1,000. While this CPLR article 78 proceeding was pending at Special Term the bond claim was paid under protest. Special Term struck so much of the penalty as called for the 12-day deferred suspension and otherwise confirmed respondent's determination. Petitioner immediately served the 10-day suspension. Respondent appeals from that part of the judgment which struck the 12-day deferred suspension and petitioner cross-appeals from that part of the judgment which sustained the imposition of the bond claim. We find in the record no basis upon which Special Term could properly have concluded that the penalty imposed by respondent was arbitrary and capricious or an abuse of discretion (CPLR 7803, subd 3) or that it was "so grave in its impact" on petitioner that it was "disproportionate to the misconduct" (Matter of Pell v Board of Educ., 34 NY2d 222, 234). While we recognize that there were circumstances in mitigation of petitioner's misconduct, it appears that they were fully considered by respondent in imposing the penalty. (Appeals from judgment of Monroe Supreme Court—art 78.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.